IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:

JOHN THOMAS WIMMER, II,

Appellant,

1:05-cv-2878-WSD

Appeal from Bankruptcy
Case No. 05-95774-JEM

### ORDER

This is an appeal of the Bankruptcy Court's September 23, 2005 Order dismissing Appellant John Thomas Wimmer, II's ("Appellant") Chapter 13 proceeding. It is before the Court on Appellant's Motion to Request an Extension of Time to File a Notice of Appeal ("Motion to Extend") [2]. Having reviewed Appellant's motion, as well as the procedural history of this case, the Court concludes that the motion should be referred to the Bankruptcy Court for resolution.

Rule 8002 of the Federal Rules of Bankruptcy Procedure requires a party wishing to appeal an order of the Bankruptcy Court to file a notice of appeal with the Bankruptcy Court clerk within ten (10) days of the entry of the order sought to

be appealed. Fed. R. Bankr. P. 8002(a). Although Rule 8002 provides that the time for filing the notice of appeal may be extended, it expressly vests this power in the bankruptcy judge, not the district judge. See id. at 8002(c)(1) ("The bankruptcy judge may extend the time for filing the notice of appeal by any party . . . .").[1] The showing necessary to warrant an extension from the bankruptcy judge varies depending on when the request is filed:

> A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect. An extension of time for filing a notice of appeal may not exceed 20 days from the expiration of the time for filing a notice of appeal otherwise prescribed by this rule or 10 days from the date of entry of the order granting the motion, whichever is later.

Id. at 8002(c)(2). Finally, the Federal Rules of Bankruptcy Procedure provide that where a party mistakenly files its notice of appeal with this Court, rather than the Bankruptcy Court clerk, "the clerk of the district court . . . shall note thereon the

---

[1] The bankruptcy judge is not permitted to extend the time for filing the notice of appeal in certain limited circumstances not relevant here. See Fed. R. Bankr. P. 8002(c)(1)(A)-(F).

date on which it was received and transmit it to the [Bankruptcy Court] clerk and it shall be deemed filed with the [Bankruptcy Court] clerk on the date so noted."  See Fed. R. Bankr. P. 8002(a).

Here, the order to be appealed was entered on September 27, 2005. Appellant did not file a notice of appeal with the Bankruptcy Court clerk or request the bankruptcy judge to extend the time to file his notice of appeal before the expiration of the 10-day period set out in Rule 8002.  See Williams v. EMC Mortgage Corp., 216 F.3d 1295, 1297 n.3 (11th Cir. 2000) (recognizing the 10-day period provided for in Rule 8002(a) runs from the entry of the order, not the appellant's receipt of the order, and that, unlike 10-day periods under the Federal Rules of Civil Procedure, this 10-day period includes weekends and holidays).  On October 25, 2005, nineteen (19) days after the expiration of the 10-day period, Appellant filed his Motion to Extend in this Court.  Appellant requests the Court to extend the time to file his Notice of Appeal,[2] stating that his failure to file his Notice before the expiration of the 10-day period was "due to health problems, a lack of

---

[2] Appellant's Notice of Appeal is attached to his Motion to Extend as Exhibit A.

professional legal assistance, and the financial resources needed to pay the proper filing fees due." (Appellant's Mot. to Extend at 1.)

Appellant's Motion to Extend should have been filed in the Bankruptcy Court. The Federal Rules of Bankruptcy Procedure provide that it is the bankruptcy judge, not the district judge, who in the first instance decides whether Appellant has shown that his failure to file a timely notice of appeal was due to excusable neglect. See Fed. R. Bankr. P. 8002(c). The district judge's role in this process is to review such a determination on appeal, if necessary. Accordingly, the appropriate course in this case is to dismiss the instant appeal and refer Appellant's motion to the Bankruptcy Court for resolution. To prevent unfair prejudice to Appellant, and consistent with Rule 8002(a)'s instruction that appellate pleadings mistakenly filed in the district court be deemed to have been simultaneously filed in the Bankruptcy Court, Appellant's motion should be deemed to have been filed in the Bankruptcy Court on October 25, 2005.

For the reasons stated above,

**IT IS HEREBY ORDERED** that the instant appeal is **DISMISSED** and the Clerk is **DIRECTED** to close this matter.

**IT IS FURTHER ORDERED** that the Clerk is **DIRECTED** to refer Appellant's Motion to Request an Extension of Time To File Notice of Appeal [2] to the Bankruptcy Court for filing in the underlying bankruptcy proceeding, <u>In re John Thomas Wimmer, II</u> (Case No. 05-95774-JEM, filed Sept. 6, 2005).  For purposes of the Bankruptcy Court's consideration of Appellant's motion, the Court requests that the motion be deemed to have been filed on September 25, 2005, the date on which it was filed in this Court.

**SO ORDERED**, this 18th day of November, 2005.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE